FILED
**United States Court of Appeals**
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 21, 2026**

———————————————————

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE LACEY,

Defendant - Appellant.

No. 24-2188
(D.C. No. 1:22-CR-01907-WJ-1)
(D. N.M.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.

———————————————————

This appeal grew out of a competency determination. The district court found the defendant competent, and he was convicted of possessing a firearm after a felony conviction. He appeals the conviction, arguing that the district court erred in finding him competent. To address this argument, we consider only whether the district court clearly erred in finding the defendant competent. *United States v. Boigegrain*, 155 F.3d 1181, 1189

---

[*]   This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

(10th Cir. 1998).[1] The finding of competency hinged on whether the defendant could understand the nature and object of the proceedings and reasonably assist his attorney. *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

The defendant's appellate counsel insists that his client was delusional.[2] This assessment is supported by the defendant's conduct and a psychological expert's evaluation: The defendant shot his wife based on suspicion that she was trying to poison him, and a psychologist (Dr. Simone Viljeon) concluded that the defendant had persecutory delusions. Dr. Viljeon also observed that the defendant hadn't fully cooperated and had acted defensively throughout the evaluation.

Dr. Viljeon's psychological evaluation surprised the defendant's trial counsel, who said that he found the defendant "rational" and expected that he "would have been plenty competent." R. vol. 4, at 16. After defense counsel appeared to question Dr. Viljeon's conclusion, a second psychological expert (Dr. Alicia Gilbert) reevaluated the defendant by talking to him and listening to his recorded discussions with counsel. The defendant said that he knew he was taking a risk in forgoing counsel, but

---

[1]    The defendant argues that the plain-error standard applies, but concedes that a clearly erroneous finding by the district court would constitute plain error.

[2]    The defendant himself "absolutely and vehemently" says that he is competent. Appellant's Opening Br. at 16 n.1.

was choosing to represent himself only because he thought he would fight harder for himself than someone else would. From these discussions, Dr. Gilbert concluded that the defendant appeared to be alert, oriented, and knowledgeable. Dr. Gilbert also opined more broadly that

- the factors supporting competency outweighed the contrary factors, explaining that the defendant "appear[ed] to have appropriate knowledge of courtroom procedures, understand[] the nature of his charges and the consequences associated with those charges, understand[] evidence and how it is used and needed for his case, and the risks associated with serving as his own attorney" and

- some of the evidence suggested a willingness and ability to work with standby counsel even if the defendant had been delusional.

*Id.* at 29. Following Dr. Gilbert's evaluation, the defendant's trial counsel said that he had no reason to question his client's competency.

Given the psychological evaluation by Dr. Gilbert and the assessment by defendant's trial counsel, the district court didn't clearly err in its finding of competency.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3